# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MARITZA ACEVEDO,

        Claimant,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 17-cv-04678

ORDER

### WILLIAM J. MARTINI, U.S.D.J.:

Claimant Maritza Acevedo ("Claimant") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

## I.      BACKGROUND

Claimant is a sixty-five-year-old woman who worked as a research monitor for Labcorp until April 30, 2013. Admin. Rec. at 39-40, 63, ECF No. 10 (hereinafter, "AR"). On July 9, 2013, Claimant filed her initial claim for disability benefits due to back and knee pain, osteoporosis, dizziness, asthma, hypertension, and a heart condition. AR at 63-64. The initial application and request for reconsideration were denied. AR 63-84. Claimant requested a hearing, which took place on June 17, 2015 ("Hearing"). AR 29-62. After the Hearing, Administrative Law Judge Sharon Allard ("ALJ") issued an unfavorable decision, finding Claimant was not disabled because she could perform past relevant work. AR 11-28. The Appeals Counsel denied Claimant's appeal, making the ALJ's decision the final decision of the Commissioner. AR 1-6. Claimant appealed to this Court.

## II.     THE FIVE-STEP SEQUENTIAL ANALYSIS

The Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. *Id.* Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC")

1

to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience, and RFC. *Id.* §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

## III.     DISCUSSION

Claimant challenges the ALJ's determination that she was "not disabled" from April 30, 2013, to October 15, 2015. AR 24. Claimant argues the ALJ (1) improperly evaluated the medical evidence; (2) failed to comply with Social Security Ruling ("SSR") 96-8p in assessing Claimant's RFC; and (3) failed to give an accurate portrait of Claimant's impairments to the vocational expert ("VE"). Pl. Br. at 12-19, ECF No. 12.

### A.     <u>Standard of Review</u>

For this appeal, the Court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

### B.     <u>The ALJ's Conclusions Regarding Medical Evidence</u>

Claimant argues the ALJ erred in steps two through four by incorrectly evaluating Claimant's (1) complaints concerning various medical conditions; (2) "crush injury" to her left ankle; and (3) obesity. Pl. Br. at 12-16. The Commissioner counters that the ALJ's conclusions were supported by substantial evidence. Def. Br. at 2-8, ECF No. 18.

#### 1.     Claimant's Subjective Complaints

Claimant argues the ALJ erred in finding her incredible and able to perform daily activities. Pl. Br. at 14-16. Specifically, Claimant argues the ALJ should have credited her testimony regarding the intensity, persistence, and functionally limiting effects of her symptoms. *Id.* The Commissioner disagrees, arguing that the ALJ's conclusions were supported by the record. Def. Br. at 7-9.

"An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings . . . which show the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5). Therefore, ALJs must consider the "[o]bjective medical evidence of pain or other symptoms" to determine whether a claimant is disabled. *Id.*

The ALJ appropriately considered the objective medical evidence and her factual determination regarding Claimant's credibility is supported by substantial evidence. *See id.*; *Sykes*, 228 F.3d at 262. The ALJ's determination is replete with references to objective medical evidence. *See, e.g.*, AR 16-24 (citing various medical records and considering "the extent to which [Claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence"). With respect to Claimant's credibility, the ALJ weighed Claimant's assertion of a total inability to work against the medical evidence. *See* AR 18-24 ("The finding of the claimant's residual functional capacity is based on the objective medical evidence and the claimant's testimony."). She analyzed each subjective complaint in light of the objective evidence, including continued work after the alleged disabling conditions took place and a continued ability to perform some activities of daily living. *Id.* The ALJ concluded that Claimant's impairments could cause the alleged symptoms, but found that Claimant's statements regarding the "intensity, persistence and limiting effects of these symptoms [were] not entirely credible." AR at 19. That conclusion is supported by substantial evidence, especially because the ALJ found that Claimant could only perform sedentary work. AR at 22 ("Ultimately, the claimant's complaints of pain have been accounted for in the residual functional capacity by limiting her to sedentary work, with additional exertional and nonexertional limitations.").

### 2. Claimant's Ankle "Crush" Injury

Contrary to Claimant's assertion that the ALJ "incorrectly f[ound] that [P]laintiff's left ankle crush injury is not severe" at step two, *see* Pl. Br. at 12-13, the ALJ's conclusion is supported by substantial evidence. First, after discussing other injuries, when the ALJ asked Claimant for "any other reason that you haven't told me about as to why you believe that you're no longer able to work," Claimant responded, "[n]o." AR at 56. When given the opportunity to question Claimant immediately following the above-quoted question, Claimant's attorney declined to elicit any testimony regarding the ankle. *See* AR at 56-58. Second, even the medical records immediately following the injury report relatively minor symptoms. *E.g.*, AR at 280 (describing "mild and moderate" tenderness, "satisfactory" alignment, "no abnormalities," and "no fracture."); 354-56 ("No gross fracture is identified."). While reported pain did worsen in 2010, *see* AR at 291, Claimant continued to work until 2013 despite the ankle's condition. AR at 16. Third, by the time Claimant asserted she could not work, she denied having ankle injuries. *See* AR at 433, 436. 2013 X-Rays of Claimant's ankle also reveal relatively minor impairments. *See* AR at 703. Finally, even if Claimant's ankle injury was worse than initially reported, nothing in the record indicates it would prevent Claimant from performing sedentary work. As the ALJ's decision already limits Claimant to sedentary work, AR at 18, any error regarding the severity of the ankle injury was harmless, *see Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 381 (D.N.J. 2013) (applying harmless error doctrine to potential ALJ error).

### 3. Claimant's Obesity

Claimant argues the ALJ failed to satisfy Social Security Ruling ("SSR") 02-1p's directive to consider obesity and its combined effects with other impairments at steps two through four because the ALJ "merely makes a conclusory statement that [P]laintiff's obesity

exists." Pl. Br. at 13. However, far from a mere conclusory statement, the ALJ made clear that she "evaluated the impairment herein pursuant to the extensive and detailed guidelines set forth in SSR 02-1p." AR at 17. And beyond giving lip service to SSR 02-1p, the ALJ "fully considered obesity in the context of the overall record evidence." AR at 18, 22-23 ("[O]besity was considered in terms of its possible effects on the claimant's ability to work."). Claimant may disagree with the conclusion that obesity was not "by itself, nor in conjunction with her other listed impairments, so severe as to prevent her from working." AR at 23. But Claimant's disagreement does not mean the ALJ failed to adequately consider obesity.

Therefore, the ALJ's conclusions regarding the medical evidence were supported by substantial evidence.

### C. The ALJ's Conclusions Regarding Residual Functional Capacity

Claimant asserts the ALJ failed to comply with SSR 96-8p at step four "because the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence." Pl Br. at 17. The Commissioner counters that "the ALJ thoroughly explained her [RFC] evaluation and her reasons therefor." Def. Br. at 9.

Far from Claimant's "simply conclusory" categorization, the ALJ's RFC determination included detailed rationales, discussion of competing medical and testimonial evidence, and numerous citations to the record. AR 18-24. Therefore, the ALJ complied with SSR 96-8p's requirements to "include a narrative discussing describing how the evidence supports each conclusion, citing specific medical . . . and nonmedical evidence." SSR 96-8p. Contrary to Claimant's insinuations, the ALJ similarly complied with SSR-96-8p's requirements to discuss a claimant's ability to perform sustained work activities on a regular basis and explain how inconsistencies in the evidence were considered and resolved. *See* Pl. Br. at 18 (quoting SSR 96-8p). The ALJ found Claimant retained the RFC "to perform the exertional demands of sedentary work, which requires lifting and carrying objects weighing up to ten pounds; standing and/or walking up to two hours in an eight-hour workday; and sitting up to six hours in an eight-hour workday." AR at 18, 23. Likewise, the ALJ noted how she reconciled competing evidence. *See, e.g.*, AR at 21-24 (describing evidence after noting that "despite the claimant's complaints, she has maintained relatively normal physical findings"). Therefore, the ALJ's conclusions were supported by law and fact.

### D. The Vocational Expert's Hypothetical

Claimant argues that when the ALJ assessed her ability to perform past relevant work at step four, the ALJ "failed to proffer complete hypotheticals to the VE in that there was no mention of [Claimant's] use of crutches, cane, or braces." Pl. Br. at 19. The Commissioner counters that the ALJ was not required to include such limitations in the hypothetical "[b]ecause the record did not support an ongoing need for Claimant to use a cane, brace, or crutches." Def. Br. at 11. Both parties miss the mark.

For a VE's response to a hypothetical question to be considered "substantial evidence," the question must reflect all the claimant's impairments that are medically and credibly established. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (quoting *Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002)). However, an ALJ need not consult a VE at step

four to determine whether a claimant can perform past relevant work. 20 C.F.R. § 416.960 ("We *may* use the services of a [VE] or other resources . . . to help us determine whether you can do past relevant work." (emphasis added)); *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (finding ALJ need not consult a VE at step four); *Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994) (same). So long as the ALJ's conclusion is supported by substantial evidence, it must be upheld. 42 U.S.C. § 405(g).

Here, substantial evidence besides the VE's testimony supports the ALJ's conclusion that Claimant could perform past relevant work. Therefore—even assuming the hypothetical question posed to the VE did not reflect all the Claimant's impairments (and thus cannot be considered "substantial evidence")—the ALJ's decision should be upheld. *See id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). As the Claimant testified, her past work required "very little walking, no standing and essentially no other postural movements, other than writing/typing and reaching." AR at 24, 40-42. The ALJ reasonably concluded (without relying on the VE) that Claimant could perform that work as she "had no complaints and the record shows no clinical findings [that she] had any difficulty with her hands/arms." AR at 24. As to the required walking, Claimant described two to four trips of "two minutes or maybe less" per day. AR at 24, 42. Based on Claimant's RFC to walk up to thirty minutes uninterrupted—which Claimant does not specifically challenge—the ALJ had substantial evidence to find Claimant could perform her past work. *See* AR 18-24. Further, while Claimant conceded her cane was not prescribed, AR at 43, and did not present evidence that she uses crutches or that her braces restrict her movement, the ALJ accounted for any potential limitations by noting Claimant's past work required "no climbing, stooping, kneeling, crouching, crawling, or handling" (other than small objects). AR at 24.

As the record contains substantial evidence besides the VE opinion that Claimant could perform her past relevant work, the Commissioner's decision will be upheld.

## IV.      CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.


　　　　　　　　　　　　　　　　　　　*/S/ William J. Martini*
**Dated:  November 30, 2018**　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**